REDMANN, Judge
(dissenting in part).
First, defendant owner and its lessee-in-demnitor do not owe plaintiff a new, impeccably finished, and whole building — and exterior paving as well! — as “damages . caused by [the] removal” of defendant’s part of the building.
Servitudes which tend to affect the free use of property, in case of doubt as to their extent or the manner of using them, are always interpreted in favor of the owner of the property to be affected. C.C. 753.
The Victory-Murphy agreement’s three paragraphs quoted at n. 1 establish (or confirm, see C.C. 767-769 on destination) servitudes affecting free use of the properties, governed by C.C. 753.' By implication, C.C. 753 also governs interpretation of clauses by which the burdens of servitudes are released: they must be interpreted in favor of the owner of the servient estate.
The very context provided by the agreement’s first and third quoted paragraphs shows that the servitude of support is for “roof and (then-existing) sides” of the building (because all of plaintiff’s support columns rest partly on defendant’s land, save one, necessitating the servitude of support for the sides “facing and fronting on the Short Street and Edinburgh Street sides of the property” — a servitude undisturbed by defendants) ; and the obligation of maintaining the roof is “so as not to damage or cause harm to the portion of the roof of the other” (under penalty of paying for “such damages”). Thus certainly nothing is owed to plaintiff on account of the first paragraph, and nothing on account of the third except roof damage.
The second paragraph’s obligation, upon removal of one owner’s part of the building, to pay “any damages . . . caused by such removal” must, because of C.C. 753, be interpreted in defendants’ favor. It was not defendants’ removal of their building which made plaintiff’s wall porous or unreinforced. Those conditions are not damages caused by the removal in any direct sense. An interpretation in favor of the servient land’s owner, C.C. 753, requires that the judgment be amended to refuse to plaintiff all costs of reinforcing, waterproofing and painting this concrete block wall.
Second, there are minor damages (broken window glass, a distant window-frame loose) not shown to have been caused by defendants, and an apparently repetitious (and doubtfully owed in the first place) cutting of protruding steel members which defendants had already cut as directed by plaintiff’s engineer.
Third, the corrugated sheet-metal sides of the building had visible earlier damage for which some depreciation, perhaps 20% or so, should be allowed.
In sum, the only award should be about $4,486, for the sheet metal work ($2,986 plus 25% overhead and profit, the whole depreciated by 20% for a net $2,986) plus a rough allowance ($1,500) for other work arguably caused by the demolition.